IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BARKER, #925332, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-0531-P (BK) | |
| § | | |
| WARDEN SIZEMORE, et al., § | | |
| Defendants.[1] § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, it is recommended that the District Court dismiss the amended complaint as barred by the three-strike provision, and sever and transfer the successive habeas corpus petition.

### I. BACKGROUND

Plaintiff, a *pro se,* state inmate confined within the Texas Department of Criminal Justice (TDCJ) at the Easthman Unit in Lovelady, Texas, filed motions for bench warrant and for appointment of counsel. (Doc. 2-3.) Plaintiff requested a "change of venue" from Tarrant to Dallas County, a bench warrant to obtain DNA testing under the New York City Innocence Project, and appointment of counsel to assist him in obtaining an order for DNA testing. (Doc. 2 at 1, and Doc. 3 at 1.) He neither paid the filing fee nor sought leave to proceed *in forma pauperis*.

Because it was unclear what type of case Plaintiff intended to file, and whether he

---

[1] Plaintiff has named other defendants in his amended complaint (Doc. 7), in effect abandoning his claims against the State of Texas. As a result, the caption is modified as follows: Richard Barker v. Warden Sizemore, et al."

intended to file in state or federal court (since the envelope was addressed to the "Criminal District Court"), the Court issued a deficiency order. In response, Plaintiff filed a motion to proceed *in forma pauperis* along with an amended complaint under 42 U.S.C. § 1983 and a habeas corpus petition under 28 U.S.C. § 2254. Although both pleadings are very difficult to decipher, the Court has tried its best to comprehend the substance of Plaintiff's claims.

The amended complaint sues various Eastham Unit employees: Warden Sizemore, Officer Pace, Psychologist Boulding, and Property Officer Hill. (Doc. 7 at 1 and 3.) Plaintiff complains of an assault on an unspecified date by Officer Pace, who allegedly slammed Plaintiff's head into the toilet of his cell causing Plaintiff's head to bust open. (Doc. 7 at 3-4.) Plaintiff also complains generally of denial of medical and mental health care and the denial of a fan despite his indigent status. (Doc. 7 at 3-4.) Lastly, Plaintiff states that Officer Pace has tried to have him killed by an unidentified inmate and by placing poison in his food. Plaintiff requests monetary damages and a transfer to "another unit for [his] protection." (Doc. 7 at 4.)[2]

The habeas corpus petition challenges Plaintiff's conviction for aggravated kidnaping in Case No. 0751129D in Criminal District Court Number One of Tarrant County, Texas, for which he received a forty-year sentence. (Doc. 5 at 2.)[3] In four grounds, Plaintiff challenges his confession, the sufficiency of the evidence, his mental competency, and the selection of the grand

---

[2] Prior to filing the amended complaint, Plaintiff submitted a civil rights complaint to the U.S. Department of Justice, Civil Rights Division. (*See* Doc. 7 at 6-7.)

[3] While the habeas petition does not list the case number for the conviction under attack, it lists the year and county of conviction, which coincide with Plaintiff's Tarrant County conviction. *See* TDCJ's website, under Offender Information Detail.

jury.[4]

## II. DISCUSSION

A.    <u>Civil Rights Complaint is Barred by Three Strikes</u>[5]

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by the three-strike provision of the PLRA. *See Barker v. Hill, et al.*, 2010 WL 3938379, at *1, No. 3:10-CV-1634-N (BK) (N.D. Tex., Dallas Div., Aug. 24, 2010) (holding that while a prisoner, Plaintiff filed three civil actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted), *recommendation accepted*, 2010 WL 3938381 (N.D. Tex. Oct. 6, 2010).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he was in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The filings in this case, including Plaintiff's general assertions that on unspecified dates Officer Pace attacked him and attempted to have him killed, do not present sufficient claims that Plaintiff was

---

[4] Neither the civil rights complaint nor the habeas corpus petition mentions the DNA testing claim asserted in Plaintiff's initial filings in this case. (Doc. 2-3.) Therefore, the Court deems the DNA testing claim abandoned.

[5] Because the complaint is barred by three strikes, the Court does not transfer it to the United States District Court for the Eastern District of Texas where the events occurred and the Defendants reside.

3

in danger of any physical injury at the time of filing the same. The Court takes judicial notice of the complaint in *Barker v. Hill*, 2010 WL 3938379, at *1, in which Plaintiff also complained generally of an assault by Officer Pace, denial of health and mental health care, and danger at the Eastham Unit. Now, as in the previous case, Plaintiff fails to show that he was in "imminent danger of serious physical injury." Therefore, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g).

B.      Habeas Corpus Petition is Successive[6]

Plaintiff cannot challenge his underlying criminal conviction in a civil rights action. Therefore, the District Court should sever his habeas petition, submitted along with his complaint, and file the same as a separate habeas corpus action.

Plaintiff previously filed a habeas corpus petition challenging his Tarrant County conviction. *See Barker v. Quarterman*, No. 4:07-CV-0185-Y (N.D. Tex., Fort Worth Div., filed Mar. 19, 2007). On July 13, 2007, the Forth Worth Division dismissed that petition as barred by the one-year statute of limitations. *Id.*, 2007 WL 2050984 (N.D. Tex., Fort Worth Div., 2007) (accepting recommendation of magistrate judge), *certificate of appealability denied*, No. 07-10797 (5th Cir. Feb. 26, 2008).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases

---

[6] Because Petitioner's conviction arose in Tarrant County, within the Northern District of Texas, the Court retains jurisdiction over the habeas petition. *See* 28 U.S.C. § 2241(d); *accord Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (section 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing the Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under section 2254 challenging his underlying criminal conviction. Therefore, successive petition should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) and **DISMISS** the amended civil rights complaint (Doc. 7) as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with

prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

It is further recommended that the District Court **SEVER** the successive habeas corpus petition (Doc. #5) from this action, **DIRECT** the Clerk of the COURT to file the same for indexing purposes as a separate habeas corpus action (NOS 530, directly assigned to the same District Judge and Magistrate Judge) along with a copy of Plaintiff's motion to proceed *in forma pauperis*, which should be granted in the new action, and **TRANSFER** the same to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED April 22, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE